IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>TERESA LIGGINS,<br><br>      Defendant. | 4:12-CR-3057<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 100) filed by the defendant, Teresa Liggins. The motion was timely filed less than 1 year after the defendant's conviction became final. See § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

  A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); see also *Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged by indictment with one count of conspiring to distribute 280 grams or more of crack cocaine. Filing 1. She pled guilty pursuant to a plea agreement that provided she would be held responsible for at least 280 grams but not more than 840 grams of crack cocaine. Filing 49 at 4. The plea agreement also provided that if the defendant was determined to be a career offender, she would automatically fall into criminal history category VI pursuant to U.S.S.G. § 4B1.1(b). Filing 49 at 5.

In her petition to enter a guilty plea, the defendant indicated her knowledge that she faced a sentence of 10 years to life imprisonment. Filing 48 at 4. She also acknowledged that the sentence she would receive would be solely a matter for the Court to decide, and that there was no guarantee her sentence would be within any particular sentencing range. Filing 48 at 4. Her guilty plea, she wrote, would be based on the fact that she "conspired and agreed with others to sell crack cocaine to others" and "ultimately sold crack cocaine to others as charged in the Indictment." Filing 48 at 8.

At her change of plea hearing, the defendant was again advised that she faced 10 years to life imprisonment. Filing 54 at 11. And she was advised that the Court could sentence her within the Sentencing Guidelines range she had discussed with her counsel, but that the Court could go above or below that range based on its findings about the defendant's relevant conduct. Filing 54 at 12. The defendant was directly asked whether she was responsible for at least 280, but not more than 840, grams of crack cocaine, and she said she was. Filing 54 at 18, 23-24. The defendant was also asked about the factual basis for her plea: several witnesses could testify that they were involved in buying crack cocaine from her or providing it to her, and more than 10 ounces of crack cocaine had been involved. Filing 54 at 21. The defendant agreed that was true. Filing 54 at 22. The defendant agreed that she was "sort of the distributor in the middle of a chain of people that were buying and selling crack cocaine." Filing 54 at 22.

The Court accepted the defendant's guilty plea, finding that there was a factual basis for it and that it was knowing, intelligent, and voluntary. Filing 55. The presentence investigation report (PSR) found that the defendant's base offense level was 32, based on a drug quantity of 350.05 grams of cocaine base. Filing 73 at 8. But the PSR also found that the defendant was a career offender, based on two prior controlled substance convictions. Filing 73 at 9. So, the defendant's offense level was set at 37 pursuant to § 4B1.1(b)(1), and her total offense level (after a three-level reduction for acceptance of responsibility) was 34. Filing 73 at 9. That offense level, combined with the criminal history category VI also required by § 4B1.1(b)(1), resulted in a Guidelines range of 262 to 327 months'

imprisonment. Filing 73 at 21. The Court imposed a sentence of 262 months' imprisonment.¹ Filing 76 at 2.

## DISCUSSION

The defendant's § 2255 motion is based on alleged ineffective assistance of counsel. The defendant alleges that her counsel was constitutionally ineffective on four grounds: (1) failing to file a notice of appeal; (2) failing to challenge the quantity and quality of cocaine base; (3) failing to file a motion for bill of particulars to establish her "position" in the conspiracy; and (4) underestimating the sentencing range, "therefore inducing a guilty plea." Filing 100 at 4-5.

To establish a claim of ineffective assistance of counsel, the defendant must show that her attorney's performance was deficient and that this prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id.* Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) her counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

---

¹ The defendant's sentence has since been reduced, see filing 116, but that reduction is not directly relevant to this issues discussed in this memorandum and order.

### 1. FAILURE TO FILE NOTICE OF APPEAL

The defendant's motion asserts that her counsel "failed to file a notice of appeal after sentencing, when [she] requested one." Filing 100 at 4. An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). Even if the client waived her right to appeal as part of a plea agreement, prejudice is presumed if the client asked her attorney to file a notice of appeal and the attorney did not do so. *Id.*

For such a claim to succeed, the defendant must show that she manifestly instructed his counsel to file an appeal. *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014). A bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. *Id.* But the Court cannot resolve this claim without an evidentiary hearing. *Sellner*, 773 F.3d at 930.

### 2. FAILURE TO CHALLENGE QUANTITY AND QUALITY OF COCAINE BASE

The defendant's motion asserts that her counsel "failed to challenge the quantity and quality of the cocaine base." Filing 100 at 4. No evidentiary hearing is required on this claim, for two reasons. First, the plaintiff alleges no facts from which it could be inferred that there was any basis for such a "challenge." *See Anderson v. Bowersox*, 262 F.3d 839, 841 (8th Cir. 2001). And as set forth above, the defendant expressly, repeatedly admitted both that she bought and sold crack cocaine, and the weight involved. *See Lindsey v. United States*, 310 F.3d 606, 608 (8th Cir. 2002).

But more importantly, the defendant's sentencing range was not based on the weight of crack cocaine involved, because the defendant was a career offender. Therefore, the defendant could not have been prejudiced by any failure to challenge the drug quantity or quality, even if there was a factual basis for such a challenge. *See United States v. Watson*, 332 F. App'x 341, 343 (8th Cir. 2009).

### 3. FAILURE TO ESTABLISH "POSITION" IN CONSPIRACY

The defendant claims that "[d]efense counsel failed to challenge the defendant's 'position' in the alleged conspiracy. Defense counsel should have petitioned the court for a 'bill or particulars' from the government. This would have established the defendant's 'position' in the conspiracy." Filing 100 at 4-5. This claim can be summarily dismissed, for three reasons.

First, a motion for bill of particulars would have had no merit. A motion for a bill of particulars is appropriate when the defendant believes that the

- 4 -

indictment does not provide enough information to prepare a defense. *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial. *Id.* But it is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence it would present at trial. *Id.* Yet that is exactly what the defendant is contending that counsel should have attempted. Contrary to what she suggests, a motion for bill of particulars could not have been used to establish the details of the conspiracy. Counsel was not deficient in failing to file a meritless motion, nor was the defendant prejudiced by it.

Second, the defendant does not explain what establishing her "position" in the conspiracy would have accomplished, so she has not explained how she was prejudiced by counsel's purported failure to do so. The only issue to which the defendant's position in the conspiracy would seem to relate is the availability of an adjustment under the Sentencing Guidelines for a minor or mitigating role. And as explained above, because the defendant was sentenced as a career offender, the defendant could not have been prejudiced by any other aspect of the offense conduct calculation.

Finally, the defendant's "position" in the conspiracy was clear by the time of sentencing, based on her admissions in the plea agreement and at her change of plea hearing, and based on the PSR. The defendant explained her part in the conspiracy at the change of plea hearing—so, again, the record demonstrates that she was not prejudiced by any failing of counsel.

### 4. UNDERESTIMATION OF SENTENCING RANGE

The defendant's final ground for ineffective assistance of counsel, in its entirety, is that "[d]efense counsel's underestimation of defendant's sentencing range prejudiced the defendant, therefore inducing a guilty plea." Filing 100 at 5. Read liberally, the defendant seems to be suggesting that she was misinformed about what sentence she was likely to receive, and that as a result her plea was not intelligent or voluntary. But as detailed above, the defendant was repeatedly informed of the maximum possible punishment and the Court's ability to sentence within that range. *See*, *Tinajero-Ortiz*, 635 F.3d at 1104-05; *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). Any information omitted by counsel was fully supplied to the defendant throughout the plea process, and the Court explicitly informed the defendant of the potentially applicable sentences during the plea colloquy; as a result, the defendant has not shown *Strickland* prejudice. *See Tinajero-Ortiz,* 635 F.3d at 1105.

CONCLUSION

The Court has completed its initial review of the defendant's § 2255 motion. The files and records conclusively establish that three of the defendant's claims are without merit. However, the defendant's first claim—that she received ineffective assistance of counsel when her counsel did not file an appeal—is not contradicted by the current record. An evidentiary hearing is required to resolve that claim.

IT IS ORDERED:

1. As set forth above, the defendant's second, third, and fourth claims are without merit and will be dismissed with prejudice. The Court will hold an evidentiary hearing on the remaining claim.

2. The Clerk of the Court shall mail a copy of this order to the defendant at her address of record.

3. The Court will authorize the appointment of counsel for the defendant by a separate order. The Clerk shall provide a copy of this order to defendant's new counsel, upon their appointment.

4. Upon receipt of this order and the order of appointment, counsel for the defendant shall enter an appearance in this action. Upon entering an appearance, counsel for the defendant shall confer with the Assistant United States Attorney, and the parties shall contact the office of the Magistrate Judge to schedule an evidentiary hearing. The parties shall also confer and advise the Magistrate Judge of whether they wish to file any prehearing briefs or evidentiary materials.

Dated this 20th day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge