IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>TERESA LIGGINS,<br><br>               Defendant. | 4:12-CR-3057<br><br>ORDER |

      This matter is before the Court on the defendant's pro se motion for a sentence reduction (filing 119) pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and U.S.S.G. § app. C, amend. 782. That motion will be denied, for two reasons: (1) the defendant's Guidelines range was based on her status as a career offender, and (2) the defendant has already been sentenced to a below-Guidelines sentence.

      First, the defendant's Guidelines range, at sentencing, was not based on drug quantity: it was based on the fact that the defendant is a career offender. Filing 59 at 8. And it is well established that a retroactive adjustment of the Guidelines ranges for drug quantity does not affect a defendant who was sentenced as a career offender. *See*, *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014); *United States v. Williams*, 488 Fed. Appx. 168, 169 (8th Cir. 2012); *United States v. Washington*, 618 F.3d 869, 872 (8th Cir. 2010).

      Second, a sentence reduction pursuant to § 3582(c)(2) is not a resentencing: § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). The Court is constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by an amendment may be reduced. *Id.* Because § 3582(c)(2) authorizes a reduction *only* if it is consistent with policy statements issued by the Sentencing Commission, the Court must determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted. *Dillon*, 560 U.S. at 826; *see*, *United States v. Higgins*, 584 F.3d 770, 772 (8th Cir. 2009); *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009).

      And here, § 1B1.10 does not permit a reduction. The defendant's Guidelines range at sentencing was 262 to 327 months, based on a total

- 2 -

offense level of 34 and criminal history category VI. Filing 145. The defendant's 131-month sentence is still below the amended Guidelines range, which is the same as before because it is based on the career offender guideline. Filing 145. So, no further reduction is permitted by § 1B1.10(b)(2)(A).

1. The defendant's motion for a sentence reduction (filing 119) is denied.

2. The Clerk of the Court shall send a copy of this memorandum and order to the defendant at her last known address.

Dated this 21st day of October, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge