IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:12-CR-3057 |
| vs. | ORDER |
| TERESA LIGGINS, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to reduce sentence (filing 161). The defendant's motion will be denied.

The defendant asks for her sentence to be reduced based on her efforts to rehabilitate herself while incarcerated, as well as health issues and the risk of COVID-19 in her correctional facility. But generally, the Court's authority to reduce a defendant's sentence is limited. *See generally United States v. Austin*, 217 F.3d 595, 597-98 (8th Cir. 2000); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010). And the defendant's efforts at self-improvement, while highly commendable, do not permit the Court to resentence her. *See id*.

However, pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may (after exhausting her administrative remedies) move for reduction of her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court

must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

Pursuant to § 1B1.13, "extraordinary and compelling reasons" may be found when:

> The defendant is—
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.*, cmt. n.1(A)(ii).

But the Court must deny the defendant's motion, for two reasons. First, as mentioned above, the Court may consider a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

---

[1] The Court notes that § 1B1.13 was premised on a previous version of § 3582(c)(1)(A), which permitted a sentence reduction *only* upon motion of the Director of the Bureau of Prisons. *See* § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Accordingly, it is questionable whether § 1B1.13 remains "applicable" to the current version of the statute within the meaning of § 3582(c)(1)(A)(ii). *See United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *3-5 (S.D. Tex. June 17, 2019). Nonetheless, the Court finds the criteria set forth in § 1B1.13 to be helpful and persuasive in evaluating the defendant's condition, and will apply them to the extent they remain relevant under the First Step Act.

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). And the defendant doesn't allege she presented her request to the Bureau of Prisons, so she hasn't exhausted her administrative remedies.

Beyond that, at this point, the defendant's argument for compassionate release falls short. Her back injury and need for bladder surgery and knee replacement do not indicate that her ability to provide self-care in prison has substantially diminished, particularly given the possibility of effective treatment. And none of those conditions are particular risk factors for susceptibility to COVID-19. Accordingly,

> IT IS ORDERED that the defendant's motion for compassionate release (filing 161) is denied.

Dated this 20th day of April, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge