IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERESA LIGGINS,<br><br>Defendant. | 4:12-CR-3057<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Teresa Liggins' motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (filing 163) and the supplemental motion filed on her behalf by the Federal Public Defender (filing 172-1). After careful consideration, the Court will grant Liggins' compassionate release based upon 18 U.S.C. § 3553(a), Liggins' preexisting medical condition, and the risk presented by the COVID-19 pandemic.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting her administrative remedies) move for reduction of her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] As the Court has previously explained, however, that guideline has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the

Liggins has exhausted her administrative remedies. The plain language of § 3582(c)(1)(A) permits a prisoner to move the Court for compassionate release after "either (1) the defendant has fully exhausted all administrative rights to appeal or (2) the lapse of 30 days from the receipt of such a request by the warden," and "the statute doesn't say that the second option evaporates if the warden happens to deny the prisoner's request before 30 days is up." *Jenkins*, 2020 WL 2814437, at *2. Liggins' initial request to the Bureau of Prisons was denied 29 days before her motion was filed, suggesting it was filed more than 30 days prior. (And 30 days have since passed in any event).

Furthermore, the compassionate release investigation report completed for the Court by the Probation and Pretrial Services Office substantiates Liggins' claims regarding her medical condition. Filing 173 at 2; *see* filing 175. Hypertension and obesity are both well-recognized comorbidities associated with severe cases of COVID-19. *E.g.* David A. Kass *et al.*, *Obesity could shift severe COVID-19 disease to younger ages*, 395 The Lancet 1544-45 (May 16, 2020), https://doi.org/10.1016/S0140-6736(20)31024-2; Jennifer Lighter *et al.*, *Obesity in Patients Younger Than 60 Years Is a Risk Factor for COVID-19 Hospital Admission*, Clinical Infectious Diseases (Apr. 9, 2020), https://doi.org/10.1093/cid/ciaa415; Fei Zhou *et al.*, *Clinical course and risk factors for mortality of adult inpatients with COVID-19 in Wuhan, China: a retrospective cohort study*, 395 The Lancet 1054-62 (Mar. 28, 2020), https://doi.org/10.1016/S0140-6736(20)30566-3; Chaomin Wu *et al.*, *Risk Factors Associated With Acute Respiratory Distress Syndrome and Death in Patients With Coronavirus Disease 2019 Pneumonia in Wuhan, China*, JAMA Internal Medicine (Mar. 13, 2020), https://doi.org/10.1001/ jamainternmed.

current version of § 3582(c)(1)(A)(i). *United States v. Jenkins*, No. 4:15-cr-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

2020.0994. So is Liggins' apparent Vitamin D deficiency. *See* Issac Z. Pugach and Sofia Pugach, *Strong Correlation Between Prevalence of Severe Vitamin D Deficiency and Population Mortality Rate from COVID-19 in Europe*, medRxiv (Jul. 1, 2020), https://doi.org/10.1101/2020.06.24.20138644; Hans K. Biesalski, *Vitamin D deficiency and co-morbidities in COVID-19 patients – A fatal relationship?*, NFS Journal (Jun. 7 2020), https://doi.org/10.1016/j.nfs.2020.06.001; David O. Melzter *et al.*, *Association of Vitamin D Deficiency and Treatment with COVID-19 Incidence*, medRxiv (May 13, 2020), https://doi.org/10.1101/2020.05.08.20095893.

Just as important, however, is the fact that Liggins has already served a substantial sentence. She has already served nearly 8½ years of a 131-month sentence. *See* filing 116. She has served the bulk of her sentence, and forcing her to serve the rest while facing an enhanced risk from COVID-19 is neither necessary nor wise. While the defendant's criminal history is concerning, *see* filing 73, the Court finds that she presents little danger to the community, particularly given her present medical condition, *see* filing 173. The Court has also been advised that Liggins enrolled in the Bureau of Prisons' 500-hour intensive drug treatment program—which the Court had recommended—but has been unable to complete the in-prison program because of the COVID-19 pandemic. And Liggins' history clearly demonstrates her need for intensive substance abuse treatment. *See* filing 73. It makes sense to commence substance abuse treatment—now—outside of the prison setting.

In this instance, the § 3553(a) factors—particularly the need for the sentence to provide Liggins with correctional treatment "in the most effective manner," *see* § 3553(a)(2)(D)—counsel in favor of transitioning Liggins to a residential reentry center. Taken together, Liggins' medical condition, the risks of COVID-19, her need for intensive abuse treatment, and the fact that she has already served a substantial sentence are "exceptional and compelling

reasons" to modify her sentence accordingly. The Court will impose an amended sentence of time served, but amend the conditions of Liggins' supervised release to require her to reside for at least 180 days at a residential reentry center to be identified by the Probation and Pretrial Services Office in coordination with the Bureau of Prisons.

IT IS ORDERED:

1. Liggins' motion for compassionate release (filing 163) and supplemental motion for compassionate release (filing 172-1) are granted.

2. The defendant's sentence is reduced to time served, with an additional special condition of supervised release requiring Liggins to reside for at least 180 days at a residential reentry center.

3. An amended judgment will be entered.

Dated this 20th day of August, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge